UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL ROGER HOOD,<br><br>　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>DIRECTOR OF THE CALIFORNIA DEPARTMENT OF CORRECTIONS,<br><br>　　　　　　　　　　　Defendant. | Case No.: 15cv1564-CAB (DHB)<br><br>**ORDER DENYING PETITIONER'S MOTION FOR APPOINTMENT OF COUNSEL**<br><br>**[ECF No. 36]** |

Petitioner, a state prisoner proceeding *pro se* and *in forma pauperis*, has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.  (ECF No. 1.)  On July 21, 2016, Petitioner filed a Motion for Appointment of Counsel.  (ECF No. 36.) Petitioner's Motion for Appointment of Counsel is **DENIED** without prejudice.

Previously, on May 26, 2016, Petitioner filed a Motion for Appointment of Counsel (ECF No. 31) that was denied without prejudice by this Court on June 9, 2016. (ECF No. 32.)

The Sixth Amendment right to counsel does not extend to federal habeas corpus actions by state prisoners. *McCleskey v. Zant*, 499 U.S. 467, 495 (1991); *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986); *Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir. 1986).  However, financially eligible habeas petitioners seeking relief pursuant to 28 U.S.C. § 2254 may obtain representation whenever the court "determines that the interests

of justice so require.'"  18 U.S.C. § 3006A(a)(2)(B) (2014); *Terrovona v. Kincheloe*, 912 F.2d 1176, 1181 (9th Cir. 1990); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir. 1984).

The interests of justice require appointment of counsel when the court conducts an evidentiary hearing on the petition. *Terrovona*, 912 F.2d at 1181; *Knaubert*, 791 F.2d at 728; Rule 8(c), 28 U.S.C. foll. § 2254.  The appointment of counsel is discretionary when no evidentiary hearing is necessary. *Terrovona*, 912 F.2d at 1181 (citing *Bashor*, 730 F.2d at 1234); *Knaubert*, 791 F.2d at 728.  If the Court determines that an evidentiary hearing becomes necessary in the future, the Court will require appointment of counsel at that time.

In the Ninth Circuit, "[i]ndigent state prisoners applying for habeas relief are not entitled to appointed counsel unless the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations." *Chaney*, 801 F.2d at 1196 (citing *Kreiling v. Field*, 431 F.2d 638, 640 (9th Cir. 1970)); *Knaubert*, 791 F.2d at 728-29.  The Ninth Circuit considers the clarity and coherence of a petitioner's district court pleadings to determine the necessity of appointment of counsel; if clear and understandable, the court typically finds appointment of counsel unnecessary. *See LaMere v. Risely*, 827 F.2d 622, 626 (9th Cir. 1987.)  Further, the Eighth Circuit notes that "[w]here the issues involved can be properly resolved on the basis of the state court record, a district court does not abuse its discretion in denying a request for court-appointed counsel." *Hoggard v. Purkett*, 29 F.3d 469, 471 (8th Cir. 1994); *see Terrovona*, 912 F.2d at 1181-82.

At this stage of the proceedings, it does not appear that appointment of counsel is required to prevent a due process violation.  There is no indication that the issues are too complex or that Petitioner is incapable of presenting his claims.  Also, there has been no change in the case since the Court denied Petitioner's first request for appointment of counsel two months ago that would warrant a different finding now.  Petitioner claims lack of knowledge of technical requirements of the law, limited access to the law library, lack of a typewriter, and limitations on making copies.  These are not exceptional circumstances that warrant appointment of counsel.  Further, as previously noted, based on the face of the Petition, and the subsequent motions Petitioner has filed *pro se*, it appears that Petitioner

has a good grasp of this case and the legal issues involved.  He has also been able to articulate the factual and legal bases of his claims in a clear and coherent manner.  Indeed, Petitioner has been successful in getting a Petition on file, filing a motion for leave to proceed *in forma pauperis*, filing a successful motion to stay, and filing a motion to amend the Petition.  Moreover, at this point, it appears the Court will be able to properly resolve the issues involved on the basis of the state court record.  Therefore, the Court finds that the interests of justice do not require the appointment of counsel at this time.

        Accordingly, Petitioner's Motion for Appointment of Counsel is **DENIED** without prejudice.

        IT IS SO ORDERED.

Dated:  August 5, 2016

                                      DAVID H. BARTICK
                                      United States Magistrate Judge