| | |
|---|---|
| DANIEL ROGER HOOD,<br><br>                                 Petitioner,<br><br>v.<br><br>DIRECTOR OF THE CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION,<br><br>                                Respondent. | **15cv1564-CAB-DHB**<br><br>**ORDER GRANTING MOTION TO REOPEN THE TIME TO APPEAL**<br>**[Doc. No. 60]** |

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

On February 13, 2017, this Court issued an order denying Petitioner's Petition for Writ of Habeas Corpus, and judgment was entered. [Doc. Nos. 52 and 53.] On February 21, 2017, the order and the judgment were both returned to the Court as undeliverable. [Doc. Nos. 54 and 55.] On February 27, 2017, Petitioner filed a Notice of Possible Move from CCI by Daniel Roger Hood. [Doc. No. 56.]

On March 8, 2017, this Court issued a minute order noting that Petitioner's inmate number listed on the docket was not complete, and ordering the Clerk of the Court to correct the docket and mail another copy of the order and judgment to Petitioner with the amended inmate number. [Doc. No. 57.]

On March 23, 2017, Petitioner filed a notice of appeal. [Doc. No. 58.] On April 13, 2014, the Ninth Circuit issued an order stating that "[a]lthough the March 23, 2017, notice of appeal was not filed or delivered to prison officials within 30 days from entry of the February 14, 2017, judgment, appellant's notice of appeal states (and the record reflects) that he did not receive notice of entry of judgment until March 15, 2017. We construe appellant's pro se notice of appeal as a motion to reopen pursuant to Federal Rule of Appellate Procedure 4(a)(6)." [Doc. No. 60.] The order further states that because the district court has not had the opportunity to rule on this motion , appellant's appeal is "remanded to the district court for the limited purpose of allowing that court to rule on appellant's March 23, 2017, motion to reopen the time for appeal." *Id.*

Having reviewed Petitioner's motion as well as the docket, the Court hereby **GRANTS** Petitioner's motion to reopen the time to appeal, for the reasons stated below.

## DISCUSSION

Generally, a notice of appeal must be filed 30 days after the judgment is entered. Fed.R.App.P. 4(a)(1)(A). A party who does not timely file a notice of appeal may seek to reopen the time to file an appeal under Rule 4(a)(6), which provides that a district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if three criteria are met:

> (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;
> (B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and
> (C) the court finds that no party would be prejudiced.

Fed.R.App.P. 4(a)(6).[1]

---

[1] Rule 77(d) provides:
(1) Service. Immediately after entering an order or judgment, the clerk must serve notice of the entry, as provided in Rule 5(b), on each party who is not in default for failing to

2

"Rule 4(a)(6) provides 'a limited opportunity' for relief under specific circumstances." *Nunley v. City of Los Angeles*, 52 F.3d 792, 795 (9th Cir.1995). It was adopted to "reduce the risk that the right to appeal will be lost through a failure to receive notice." *Id*.

"While Rule 4(a)(6) puts the burden on the moving party to demonstrate nonreceipt, the rule does not mandate a strong presumption of receipt." *Nunley*, 52 F.3d at 795. A party's "specific factual denial of receipt" is sufficient to rebut the presumption of receipt under the common law mailbox rule. *Id*. at 796; *see also Schikore v. BankAmerica Supplemental Retirement Plan*, 269 F.3d 956, 964 n. 7 (9th Cir.2001) (allowing a rebuttal of the presumption of receipt by a "specific factual denial" is consistent with the general purpose of Rule 4(a)(6), which is to ensure that parties who have not received notice of the entry of judgment are not thereby deprived of the opportunity to appeal). "When a movant specifically denies receipt of notice, a district judge must then weigh the evidence and make a considered factual determination concerning receipt, rather than denying the motion out of hand based upon proof of mailing." *Id*. at 796.

Here, the docket confirms Petitioner's statement that he did not receive notice of entry of judgment until March 15, 2017, because the original order and judgment were returned to the Court as undeliverable [Doc. Nos. 54 and 55], and copies of the order and judgment were not mailed to Petitioner until March 8, 2017 [Doc. No. 57]. This evidence, coupled with Plaintiff's statement that he did not receive notice, are sufficient to rebut the presumption of receipt which arises from proper and timely mailing under the common law mailbox rule. *See Nunley*, 52

---

appear. The clerk must record the service on the docket. A party also may serve notice of the entry as provided in Rule 5(b).
(2) Time to Appeal Not Affected by Lack of Notice. Lack of notice of the entry does not affect the time for appeal or relieve—or authorize the court to relieve—a party for failing to appeal within the time allowed, except as allowed by Federal Rule of Appellate Procedure (4)(a).

F.3d at 795–796, n. 5 (stating that "[u]nder the so-called 'bursting bubble' approach to presumptions, a presumption disappears where rebuttal evidence is presented," and that a "specific factual denial of receipt" by the addressee is sufficient to support a finding that the recipient did not receive notice of entry of judgment from the district court, thereby allowing the district court the discretion to extend the party's time to file an appeal).

Having reviewed the record, the Court concludes that the three requirements of Rule 4(a)(6) are satisfied. The evidence in the record shows that Petitioner did not receive notice under Rule 77(d) of the entry of the judgment within 21 days after entry on February 13, 2017. The evidence demonstrates that Petitioner received notice of the entry of judgment on March 15, 2017. It also demonstrates that Petitioner's motion to reopen the time to appeal was filed on March 23, 2017, which is within 14 days after Petitioner received notice of the entry of judgment. Finally, the Court finds no prejudice as the appeal has only been delayed by a few days.

CONCLUSION

For the reasons stated above, **IT IS HEREBY ORDERED THAT**:

1. Petitioner's motion to reopen the time to appeal is **GRANTED**. As directed by the Ninth Circuit, Petitioner does not need to file a new notice of appeal. [Doc. No. 60 at 2];
2. The Clerk shall send a copy of this order to the Ninth Circuit.

**IT IS SO ORDERED**.

Dated: April 14, 2017

Hon. Cathy Ann Bencivengo
United States District Judge