UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL ROGER HOOD,<br><br>                     Petitioner,<br><br>v.<br><br>DIRECTOR OF THE CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION,<br><br>                     Respondent. | **15cv1564-CAB-DHB**<br><br>**ORDER DENYING MOTION PURSUANT TO RULE 60(b) [Doc. No. 71]** |

On September 26, 2019, Petitioner Daniel Roger Hood filed a Motion Pursuant to Rule 60(b). [Doc. No. 71.] In the motion, Petitioner states that he is seeking relief pursuant to Rule 60(b)(1)(2)(3). [Doc. No. 71 at 1.]

A. Legal Standard.

Rule 60 provides for extraordinary relief and may be invoked only upon a showing of "exceptional circumstances." *Engleson v. Burlington N.R. Co.*, 972 F.2d 1038, 1044 (9th Cir. 1994). The Rule identifies six permissible grounds for relief from a final judgment, order, or proceeding, namely: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud by the adverse party; (4) the judgment is void; (5) the judgment has been satisfied; (6) and

1

other reason justifying relief." Fed. R. Civ. P. 60(b).  Further, the Rule provides that a motion brought under it "must be made within a reasonable time – and for reasons (1), (2), and (3) no more than a year after the entry of judgment or order of the date of the proceeding." Fed. R. Civ. P. 60(c).

B.  Discussion.

Here, the petition was denied, and judgment was entered accordingly, on February 13, 2017.  [Doc. Nos. 52 and 53.]  This motion -- seeking relief under Rule 60(b)(1), (2), and (3) – was filed two and a half years later.  Therefore, pursuant to Rule 60(c), the motion is untimely.

C.  Conclusion.

For the reason set forth above, the motion pursuant to Rule 60(b) is DENIED.

IT IS SO ORDERED.

Dated:  October 4, 2019

_____
Hon. Cathy Ann Bencivengo
United States District Judge